## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

SABRINA SINANOVIC, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WAGNER COLLEGE,

Defendant.

Civil Action No.

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Sabrina Sinanovic ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Wagner College ("Wagner" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to the allegations specifically pertaining to Plaintiff, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Wagner, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services or facilities for which their fees were paid, without having their tuition and fees refunded to them.

2.      Wagner is a private liberal arts college in New York City, with a total enrollment of approximately 2,200 students.

3.      Plaintiff and Wagner entered into a contractual agreement where Plaintiff would provide payment in the form of tuition and fees and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services.  The terms of

the contractual agreement were set forth in publications from Wagner College, including Wagner College's Spring Semester 2020 Course Schedules ("Course Schedules").[1]

4.      When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Schedules to make specific course selections prior to registering and paying for selected courses.

5.      The Course Schedules provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which courses would be held.  An exemplar of the Spring Semester 2020 Course Schedules is pasted below:



---

[1] https://my.wagner.edu/ICS/Registrar/Course_schedules.jnz

6.      Indeed, the Course Schedules specifically allow for students to search for courses to enroll in based on "Method," which includes an option for "Online:"[2]



7.      Other publications from Wagner reference the in-person nature of the Spring Semester 2020 course offerings, including course specific syllabi. The Wagner College Undergraduate and Graduate Bulletin,[3] which details the policies, procedures, and expectations of Wagner College students, outlines the importance of class participation and attendance. *See Id.* at 76 ("CLASS ATTENDANCE Complete participation is expected in all classes and activities for which a student has registered.")  In addition, various Undergraduate Handbooks for a number of Wagner College's academic programs make further assertions regarding in-person education and the importance of in-person class attendance.  *See* Wagner College Evelyn L. Spiro School of Nursing Undergraduate Nursing Student Handbook[4] at 32 ("It is important for

---

[2] https://my.wagner.edu/ICS/Registrar/Course_schedules.jnz

[3] https://wagner.edu/registrar/files/2019/08/2019-2021-Wagner-College-Bulletin-final.pdf
[4] http://wagner.edu/nursing/files/2018/08/UNDERGRAD-HANDBOOK-2018-2019.pdf

students to attend all classes. Attendance will be taken… Students who are absent from class more than two (2) times will have their course grade decreased by one letter grade (e.g. A to B)"). *See also* Wagner College Physician Assistant Program Student Handbook[5] at 23 ("Attendance is mandatory for all program lectures, lab sessions (cadaver lab, patient assessment lab, SIM lab...) clinical experiences and other program activities.")

8.     Moreover, the Tuition Rates & Fees page on the Wagner College website[6] provides a breakdown of tuition and fees.  The in-person nature of such is readily discernable. For example, the "Student Activity Fee" is said by Wagner to "fund[] different types of activities, programs, and events… An example of your Student Activity Fee at work would be for Big Name Act or Wagnerstock. Technically, of course, these events are not free –they were paid for using Student Activity Fee funds. Other student activities and events funded by the SA fee include discounted Broadway play tickets, poetry slams, comedians, other performers and speakers."[7]  These events ceased after March 10, 2020.

9.     Additionally, Wagner provides its faculty with a "Faculty Handbook,"[8] which provides many of the policies and procedures regarding Faculty, including their teaching obligations to students.  One such obligation, of which students are the intended beneficiaries, regards office hours. "Office hours for the full–time faculty shall be not less than six (6) hours per week… Part–time members of the instructional staff shall maintain two (2) office hours per week" *Id.* at 68.

---

[5] https://wagner-wpengine.netdna-ssl.com/physician-assistant/files/2019/02/2018-2019-PA-Handbook.pdf
[6] https://wagner.edu/business-office/tuition_rates/
[7] http://wagner.edu/sga/files/2012/08/SAFAC-Handbook-.pdf
[8] https://wagner-wpengine.netdna-ssl.com/academics/files/2019/11/Faculty-Handbook-Updated-November-2019.pdf

10.     Wagner's Spring Semester 2020 commenced on or around January 21, 2020, and concluded on or around May 12, 2020.  Plaintiff's and Class Members' payment of tuition and fees were intended to cover in-person education, experiences, and services for the entirety of the Spring Semester 2020.

11.     On or about March 16, 2020, Wagner, through a published notice, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended, and that online classes would begin on March 23, 2020.  The college announced that the rest of Spring 2020 semester coursework would be offered solely online.

12.     On March 17, Wagner announced the immediate closure of on-campus residence halls, and the campus was shut down later that week.

13.     Wagner did not hold in-person classes from March 10, 2020 through the end of the Spring Semester 2020.  Classes that continued after March 10, 2020 were only provided in an online format, at times with little or no actual, real-time instruction from professors or instructors.

14.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  The online learning options provided to Wagner students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique, including but not limited to the discontinuance of internships and clinical placements.  The remote learning options were in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.  As such, Defendant's educational services have diminished in value significantly compared to the in-

person education services that Defendant was providing prior to canceling in-person classes.

15.     Wagner did not provide in-person education, experiences, or related services for approximately 50% or the Spring Semester 2020.

16.     Nonetheless, Wagner has refused to refund any tuition or mandatory fees for the Spring 2020 semester.

17.     Plaintiff and the putative class did not enter into an agreement with Wagner for online education, but rather sought to receive an in-person education from Wagner.  Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless improperly retained funds for services that have diminished in value or are not being provided at all.

18.     Through this lawsuit Plaintiff seeks, on behalf of herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

## PARTIES

19.     Plaintiff Sabrina Sinanovic is a citizen of New York who resides in Richmond County.  Ms. Sinanovic received a bachelor's degree in nursing from Wagner in Spring 2020. The Nursing program relies extensively on in-person instruction, lab work, and access to facilities.  None of the abovementioned resources were available to her while in-person classes were suspended and Wagner's campus was closed.  Ms. Sinanovic paid approximately

$11,316.75 to Defendant for the Spring 2020 Semester.  This included $850 in fees: $490

Student Fees, $150 Graduation Application Fee, $130 Nursing Lab Fee, and an additional $80

Nursing Lab Fee.  Ms. Sinanovic has not been refunded any tuition monies paid, despite the fact

that in-person classes were not held from March 10, 2020 through the end of Spring Semester

2020.  Ms. Sinanovic has also not been refunded any fees, despite in-person classes ending on

March 10, 2020 and the campus having effectively shut down on March 17, 2020.  Many of the

fees paid by Ms. Sinanovic were intended to cover on-campus events, activities, and facilities

that were not available to her for approximately half of Spring Semester 2020.

    20.    In addition to charging tuition, Wagner charges students the following fees:

    (a)  Student Fee: $2000 per year ($1000 per semester; charged to all full-time

        undergraduate students)

    (b)  Room & Board; $14,790 per year ($7,395 per semester), charged as follows:

        i.  Housing: $8,800 ($4,400 per semester). For single occupancy in a double

           room, there is an additional charge of $2000 per semester.

        ii.  Meals: $ 5,990 per year ($2,995 per semester)

    (c)  Tuition Refund Insurance: $311 for resident students; $240 for commuter students

        (charged in the fall semester).

    (d)  Health Insurance (can be waived by September 1, 2020 at

        www.eiia.org/institution/wagner-college): $2631 per year (full-time matriculated

        students only)

    (e)  One-time Housing Contract Fee: $500 for residents - All incoming resident

        students are charged this non-refundable housing contract fee.

Ms. Sinanovic specifically paid the Student Fees for the Spring Semester.  The

additional fees are included for the sake of class members, many of whom did not opt out or wave any of these fees.

21.    Although these fees all support on-campus services that were not available to Plaintiff after March 10, 2020, Plaintiff has not been provided even a partial refund of any of these fees.

22.    Prior to beginning the Spring 2020 semester, and prior to paying tuition and fees, Ms. Sinanovic consulted the Course Schedules and enrolled in courses for the Spring 2020 semester.  In consulting the Course Schedules, Ms. Sinanovic understood and believed that every course in which she enrolled was to be taught in-person.  Ms. Sinanovic's understanding and belief was based on the course specifying an on-campus location where the course would be taught, as well as that the courses were not listed as "online" on the Course Schedules search function.[9]  Thus, the in-person nature of the courses was part of the benefit of the bargain, and Ms. Sinanovic would not have paid as much, if any, tuition and fees for the Spring 2020 semester at Wagner had she known that the courses would not, in fact, be taught in-person.

23.    Indeed, Plaintiff's Spring 2020 semester schedule, as seen on the Wagner College student portal, shows that each and every class in which she enrolled was to be taught in-person:

---

[9] https://my.wagner.edu/ICS/Registrar/Course_schedules.jnz



24.     Defendant Wagner College is a private liberal arts college in New York City, with

its principal place of business at One Campus Road, Staten Island, New York 10301.

**JURISDICTION AND VENUE**

25.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A),

as modified by the Class Action Fairness Act of 2005, because at least one member of the Class,

as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

26.    This Court has personal jurisdiction over Defendant because Defendant is incorporated and has its principal place of business in this District, and many of the acts and transactions giving rise to this action occurred in this District.

27.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is incorporated and has its principal place of business in this District.

## **FACTUAL ALLEGATIONS**

### ***Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020***

28.    Plaintiff and Class members are individuals who paid the cost of tuition and other mandatory fees for the Spring Semester 2020 at Wagner.

29.    Spring Semester 2020 classes at Wagner began on or about January 21, 2020, and they ended on or about May 1, 2020.  Final exams for the semester took place between May 6, 2020 and May 12, 2020.

30.    Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020, as well as associated fees and costs.

31.    Full-time undergraduate tuition at Wagner for the Spring 2020 semester costs approximately $24,005, plus each student must pay a mandatory Student Fee of $500 per semester.

32.    The tuition and fees described above are provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

*__In Response To COVID-19, Wagner Closed Campuses And Cancelled All In-Person Classes__*

33.     On or about March 16, 2020, Wagner, through a published notice, announced that because of the global COVID-19 pandemic, all in-person classes would be suspended, and that online classes would begin on March 23, 2020.  The college announced that the rest of Spring 2020 semester coursework would be offered solely online.

34.     From March 10, 2020 through the end of Spring Semester 2020, Wagner did not hold any in-person classes.  Classes that continued were only offered in an online format, with no in-person instruction.

35.     On March 17, Wagner announced the immediate closure of on-campus residence halls, and the campus was shut down later that week

36.     As a result of the closure of Defendant's facilities, Defendant did not deliver the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for.  Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant did not provide.  Even if Defendant claims it did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

37.     Plaintiff and members of the Class enrolled at Wagner for in-person learning for the Spring 2020 semester.

38.     Defendant markets the Wagner on-campus experience as a benefit of enrollment on Wagner's website.

39.     The online learning options offered to Wagner students in place of in-person courses were subpar in practically every aspect, from the lack of facilities, materials, and access to faculty.  Students were deprived of the opportunity for collaborative learning and in-person

dialogue, feedback, and critique.

40.    The remote learning options were in no way the equivalent of the in-person education putative class members contracted and paid for.  The remote education provided was not even remotely worth the amount charged class members for Spring Semester 2020 tuition. The tuition and fees for in-person instruction at Wagner were higher than tuition and fees for online institutions because such costs cover not just the academic instruction, but encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation; and

- Networking and mentorship opportunities.

41.    Through this lawsuit Plaintiff seeks, for herself and on behalf of Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class, as defined below.

## CLASS ALLEGATIONS

42.    Plaintiff seeks to represent a class defined as all people who paid Wagner Spring Semester 2020 tuition and/or fees for in-person educational services that Wagner failed to

provide, and whose tuition and fees have not been refunded (the "Class"). Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

43.    Plaintiff also seeks to represent a subclass consisting of Class members who reside in New York (the "Subclass")

44.    Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class and Subclass may be expanded or narrowed by amendment or amended complaint.

45.    **Numerosity.**  The members of the Class and Subclass are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class and Subclass.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

46.    **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and Subclass and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

14

(a)     whether Defendant accepted money from Class and Subclass members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class and Subclass members contracted;

(c)     whether Class and Subclass members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide;

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class and Subclass; and

(d)     whether Defendant is liable to Plaintiff, the Class, and Subclass for unjust enrichment.

47.     **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class and Subclass members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendants that are unique to Plaintiff.

48.     **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class and Subclass.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class and Subclass.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class or Subclass.

49.     **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class and Subclass members are relatively small compared to the burden and

expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class or Subclass on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class or Subclass members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

50.    In the alternative, the Class and Subclass may also be certified because:

(a)    the prosecution of separate actions by individual Class and Subclass members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)    the prosecution of separate actions by individual Class and Subclass members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## COUNT I
### Breach Of Contract
### (On Behalf Of The Class And Subclass)

51.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiff brings this claim on behalf of herself and the members of the Class and Subclass against Defendant.

53.     Plaintiff and Defendant entered into a contractual relationship where Plaintiff would provide payment in the form of tuition and fees, and Defendant, in exchange, would provide in-person educational services, experiences, opportunities, and other related services. The terms of the parties' contractual relationship are set forth in publications from Wagner College, including the Spring Semester 2020 Course Schedules.[10]

54.     When Plaintiff and Class Members sought to enter into a contractual agreement with Defendant for the provision of educational services for the Spring Semester 2020, Plaintiff and Class Members viewed the Course Schedules to make specific course selections prior to registering and paying tuition and fees for those selected courses.  Defendant's Course Schedules constitutes an offer to enter a contractual agreement.

55.     The Course Schedules provided Plaintiff and Class Members with information regarding the courses offered, the instructor, the days and times during which the courses would be held, and the location (including the building and room number) in which the courses would be held.

56.     Indeed, the Course Schedules search function allowed students to search and register for classes based on "Method," and specifically noted when a class was to be taught

---

[10] https://my.wagner.edu/ICS/Registrar/Course_schedules.jnz

"online."

57.     Other publications from Wagner reference the in-person nature of the Spring Semester 2020 course offerings.  Course specific syllabi, the Wagner College Undergraduate and Graduate Bulletin,[11] and various Undergraduate Handbooks[12] for a number of Wagner College's academic programs, all of which detail the policies, procedures, and expectations of Wagner College students, describe the policies regarding in-person education and the importance of in-person class attendance.

58.     Moreover, the Tuition Rates & Fees page on the Wagner College website,[13] provides a breakdown of tuition and fees.  The in-person nature of such is readily discernable.

59.     Additionally, Wagner provides its faculty with a "Faculty Handbook,"[14] which provides many of the policies and procedures regarding Faculty, including their teaching obligations to students.  One such obligation, of which students are the intended beneficiaries, regards office hours. "Office hours for the full–time faculty shall be not less than six (6) hours per week… Part–time members of the instructional staff shall maintain two (2) office hours per week" *Id.* at 68.

60.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff, Class, and Subclass members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition and fees for Spring Semester 2020 was intended to cover in-

---

[11] https://wagner.edu/registrar/files/2019/08/2019-2021-Wagner-College-Bulletin-final.pdf
[12] http://wagner.edu/nursing/files/2018/08/UNDERGRAD-HANDBOOK-2018-2019.pdf;
https://wagner-wpengine.netdna-ssl.com/physician-assistant/files/2019/02/2018-2019-PA-Handbook.pdf
[13] https://wagner.edu/business-office/tuition_rates/
[14] https://wagner-wpengine.netdna-ssl.com/academics/files/2019/11/Faculty-Handbook-Updated-November-2019.pdf

person educational services from January through May 2020.  In exchange for tuition and fee monies paid, Class and Subclass members were entitled to in-person educational facilities and services through the end of the Spring Semester.  But those services were not provided and/or have diminished in value.

61.    Defendant has failed to provide the contracted for services and has otherwise not performed under the contract as set forth above by failing to provide in-person educational services from March 10, 2020 through the end of the Spring 2020 semester.  Defendant has retained monies paid by Plaintiff and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit of their bargain.

62.    Plaintiff and members of the Class and Subclass have suffered damage as a direct and proximate result of Defendant's breach, including but not limited to being deprived of the education, experience, and services to which they were promised and for which they have already paid.

63.    As a direct and proximate result of Defendant's breach, Plaintiff, the Class, and Subclass are entitled to damages, to be decided by the trier of fact in this action, to include but not be limited to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Wagner shut down.

64.    Defendant's performance under the contract is not excused due to COVID-19.  Indeed, Defendant should have refunded the pro-rated portion of any education services not provided.  Even if performance was excused or impossible, Defendant would nevertheless be required to return the funds received for services it will not provide.

65.     Therefore, Defendant should return a pro-rata share of the tuition and fees paid by Plaintiff and Class Members that relate to those in-person educational services that were not provided after Wagner College shut down on or around March 10, 2020.  In-person educational services were not provided for approximately 50% of the Spring Semester 2020.

<u>**COUNT II**</u>
**Unjust Enrichment**
**(On Behalf Of The Class And In The Alternative)**

66.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

67.     Plaintiff brings this claim on behalf of herself and the members of the Class and Subclass against Defendant.

68.     Plaintiff and members of the Class and Subclass conferred a benefit on Defendant in the form of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service and promises.  Tuition and fees for Spring Semester 2020 was intended to cover in-person educational services from January 2020 through May 2020.  In exchange for tuition and fee monies paid, Class and Subclass members were entitled to in-person educational facilities and services through the end of the Spring Semester.

69.     Defendant voluntarily accepted and retained this benefit by accepting payment.

70.     Defendant has retained this benefit, even though Defendant has failed to provide the education, experience, and services for which the tuition and fees were collected, making Defendant's retention unjust under the circumstances.  Defendant's services were not provided and/or have diminished in value.  Accordingly, Defendant should return the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Wagner shut down.

71.     It would be unjust and inequitable for Defendant to retain the benefit conferred by Plaintiff's and Class Members' overpayments.

72.     Defendant should be required to disgorge all profits resulting from such overpayments and establish a constructive trust from which Plaintiff and Class Members may seek restitution.

**COUNT III**
**Conversion**
**(On Behalf Of The Class And Subclass)**

73.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff brings this claim on behalf of herself and the members of the Class and Subclass against Defendant.

75.     Plaintiff and members of the Class and Subclass have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

76.     Defendant intentionally interfered with the rights of Plaintiff, the Class, and Subclass when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

77.     Plaintiff and members of the Class and Subclass demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Wagner shut down.

78.     Defendant's retention of the fees paid by Plaintiff and members of the Class and Subclass without providing the educational services for which they paid, deprived Plaintiff, Class and Subclass members of the benefits for which the tuition and fees paid.

79.    This interference with the services for which Plaintiff and members of the Class and Subclass paid damaged Plaintiff and Class members in that they paid tuition and fees for services that were not provided.

80.    Plaintiff, Class and Subclass members are entitled to the return of pro-rated portions of any Spring Semester 2020 tuition and fees for education services not provided or diminished in value since Wagner shut down.

**COUNT IV**
**Money Had And Received**
**(On Behalf Of The Class)**

81.    Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

82.    Plaintiff brings this claim on behalf of herself and the members of the Class against Defendant.

83.    Plaintiff and members of the Class paid monetary funds to Defendant for tuition and fees for the Spring Semester 2020.

84.    Defendant has retained the monies paid by Plaintiff and members of the Class for the Spring Semester 2020 while not providing in-person educational services, activities, opportunities, resources, and facilities for which those monies were paid.

85.    Defendant is in possession of and holds money that belongs to Plaintiff and the members of the Class in equity and good conscience.

86.    Defendant has been unjustly enriched by its retention of the funds Plaintiff and the members of the Class paid Defendant for tuition and fees, and it is unconscionable for Defendant to retain funds to which it is not entitled.

87.    Defendant's unlawful retention of Plaintiff's and Class Members' funds has damaged Plaintiff and the members of the Class.

88.    Defendant owes Plaintiff and members of the Class for money had and received, including, but not limited to, the amount of Plaintiff's and Class Members' pro-rated tuition and fees for the Spring Semester 2020.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and all others similarly situated, seek judgment against Defendant, as follows:

(a)    For an order certifying the Class and Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class and Subclass;

(b)    For an order finding in favor of Plaintiff and the Class and Subclass on all counts asserted herein;

(c)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)    For prejudgment interest on all amounts awarded;

(e)    For an order of restitution and all other forms of equitable monetary relief;

(f)    For injunctive relief as pleaded or as the Court may deem proper; and

(g)    For an order awarding Plaintiff and the Class and Subclass reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated:  October 27, 2020                      Respectfully submitted,

                                              **BURSOR & FISHER, P.A.**

                                              By:  _  /s/ Joseph I. Marchese     _
                                                       Joseph I. Marchese

                                              Joseph I. Marchese
                                              888 Seventh Avenue
                                              New York, NY 10019
                                              Telephone: (646) 837-7150
                                              Facsimile: (212) 989-9163
                                              Email: jmarchese@bursor.com

                                              **BURSOR & FISHER, P.A.**
                                              Sarah N. Westcot *(pro hac vice* forthcoming*)*
                                              701 Brickell Ave, Suite 1420
                                              Miami, FL 33131
                                              Telephone: (305) 330-5512
                                              Facsimile: (305) 676-9006
                                              Email: swestcot@bursor.com

                                              *Attorneys for Plaintiff*