UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
SABRINA SINANOVIC,

                Plaintiff,

     -against-                               **REPORT AND**
                                               **RECOMMENDATION**
WAGNER COLLEGE,                        20 CV 5181 (LDH) (CLP)

                Defendant.
------------------------------------------------------------ X

**POLLAK**, United States Magistrate Judge:

       Plaintiff Sabrina Sinanovic, individually and on behalf of all others similarly situated, commenced this action on October 27, 2020, alleging claims of breach of contract, unjust enrichment, conversion, and money had and received against Wagner College. (ECF No. 1).

       Counsel for plaintiff filed a Motion to Withdraw as Attorney on December 18, 2023, based on a breakdown in communication with the client. (ECF No. 39). Plaintiff was given until February 2, 2024 to file objections. (ECF No. 41). No objections were filed, and the motion was granted on February 8, 2024. (ECF No. 43). Plaintiff was directed to file a letter by March 8, 2024, clarifying if she would be proceeding *pro se* or with new counsel. (Id.) When plaintiff failed to file a responsive letter, this Court issued an Order to Show Cause. (ECF No. 45). The Order to Show Cause stated that "by April 22, 2024, plaintiff is to either have an attorney file a notice of appearance or submit a letter to the Court indicating that she will proceed *pro se*. If neither action is taken, the Court will recommend dismissal of the action." (Id.) Plaintiff provided no response to the Order to Show Cause.

## DISCUSSION

       Plaintiffs are obligated to move their cases forward to trial, and if they "fail to do so in a reasonable manner," their "case may be dismissed with [or without] prejudice as a sanction for

[their] unjustified conduct." West v. City of New York, 130 F.R.D. 522, 524 (S.D.N.Y. 1990). "Dismissal is warranted where[,]" as here, "there is a lack of due diligence in the prosecution of the lawsuit by plaintiff." Id. Moreover, the law is "clear" that the district court "has the power to dismiss for failure to prosecute, on its own motion." Schenck v. Bear, Stearns & Co., Inc., 583 F.2d 58, 60 (2d Cir. 1978) (citing West v. Gilbert, 361 F.2d 314 (2d Cir. 1966), cert. denied, 385 U.S. 919 (1966)); see also Lewis v. Nationstar Mortg. LLC, No. 18 CV 3015, 2019 WL 11624580, at *1 (E.D.N.Y. Apr. 16, 2019), report and recommendation adopted, 2021 WL 103265 (E.D.N.Y. Jan. 11, 2021). The authority to dismiss a case *sua sponte* arises from a court's inherent power and is not limited by Rule 41 of the Federal Rules of Civil Procedure. Link v. Wabash R. Co., 370 U.S. 626, 630-31 (1962); accord In re World Trade Center Disaster Site Litig., 722 F.3d 483, 487 (2d Cir. 2013).

Plaintiff has failed to move this case forward. Plaintiff has taken no action in the case following the Order dated February 8, 2024, granting her attorneys' Motion to Withdraw. (ECF No. 43). The Court set a deadline of March 8, 2024, for plaintiff to file a status letter, and a deadline of April 22, 2024, for plaintiff to respond to the Order to Show Cause, neither of which plaintiff complied with. (ECF Nos. 43, 45). Plaintiff has ignored the Court and failed to prosecute this action.

## CONCLUSION

For the reasons set forth above, it is respectfully recommended that this action be dismissed without prejudice for failure to prosecute **unless the plaintiff or her attorney contacts this Court within fourteen (14) days and indicates an intention to pursue her claims**.

Any objections to this Report and Recommendation must be filed with the Clerk of the

Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

    A copy of this Order will be mailed to plaintiff by the Court.

    **SO ORDERED.**

Dated: Brooklyn, New York
       May 1, 2024　　　　　　　　　　　　/s/ Cheryl L. Pollak
                                               Cheryl L. Pollak
                                               United States Magistrate Judge
                                               Eastern District of New York